RICHARDSON v. DENEGRE et al.

(Circuit Court of Appeals, Fifth Circuit. March 14, 1899.)

No. 748.

BANKS—RECEIVING DEPOSITS WHEN INSOLVENT — RECOVERY OF UNCOLLECTED CHECKS BY DEPOSITOR.

Checks delivered to a bank by a depositor for collection and deposit at a time when the bank was insolvent, as must have been known by its officers, and which had not been collected when the bank closed its doors, remain the property of the depositor, and may be recovered by him from the receiver.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

The case made by the pleadings and sustained by the testimony is as follows: On August 5, 1896, the appellees, regular depositors in the American National Bank at New Orleans, deposited therein, a few minutes after the bank closed at 3 o'clock p. m., the following checks:

"No. 8,935.                                    New Orleans, July 30, 1896.

"New Orleans National Bank, pay to the order of J. P. Blair, Esq., forty-one and 66/100 dollars.                              R. E. Craig, Vice President.

"Fergus G. Lee, Secretary.

"$41.66."

On end: "Sun Mutual Ins. Co., 52 Camp St."

Indorsed: "Pay Denegre, Blair & Denegre. J. P. Blair.

"Pay to American National Bank for collection and deposit. Denegre, Blair & Denegre."

"No. 655.                          Citizens' National Bank of Louisiana.
                                            New Orleans, August 5, 1896.
     "Pay to the order of Mess. Denegre, Blair & Denegre, Attys., twenty-one hun-
dred and twenty-two 72/100 dollars.                      Chas. J. Theard."
     Indorsed: "For deposit.   Denegre, Blair & Denegre, Southern Pacific Com-
pany, Atlantic System."
                                            "New Orleans, August 5, 1896.
     "Pay to the order of J. P. Blair five hundred dollars.
                                 "Jno. B. Richardson, Local Treasurer.
     "To the Citizens' Bank, New Orleans.
     "$500.00."
     Indorsed: "Pay to Denegre, Blair & Denegre.   J. P. Blair.
     "Pay to American National Bank for collection and deposit.   Denegre, Blair
& Denegre."

     These deposits were made in the usual course of business, for the purpose
of having the checks collected, and the proceeds placed to their credit.   At the
time the deposits were made, while credit was given upon the bank book of
appellees, the checks themselves were set aside like all other deposits received
that day, and kept separate and apart from the funds of the bank, until after
the meeting of the directors in the evening, at which meeting the said separa-
tion of that day's deposits was affirmed and ratified.   Appellees were not in-
debted to the bank, but had over $2,000 to their credit on deposit.   The bank
never opened its doors again for business after the receipt of the said checks,
but was taken charge of by the bank examiners, and subsequently placed in
the hands of a receiver, the appellant herein.   For a long time the bank had
been in such a condition of insolvency as must have been known to its man-
aging officers.   The appellees subsequently stopped payment of the checks,
and they were never collected, and are still in the hands of the bank's receiver.
Demand was made for their return, which was refused.   The present suit was
brought to recover possession of said checks in the court below, which gave
judgment for the complainants, and perpetually enjoined Frank L. Richard-
son, as receiver, from making any other disposition of the said checks than to
return the same to complainants; from which judgment said receiver appealed,
and assigned said ruling as error, and contended: (1) The court erred in ren-
dering a decree in favor of complainants; (2) in not holding that the relations
of the complainants to the bank, as a depositor of checks in controversy, was
that of debtor and creditor; (3) in holding that the check for $2,122.76 drawn
by Charles Theard, and then indorsed "For deposit," did not vest in said bank;
and (4) that the court erred in holding that it appeared from the evidence that
the bank was hopelessly insolvent, to the knowledge of its officers, at the time
of the deposit of the checks in controversy.

     Chas. S. Rice, for appellant.
     E. B. Kruttschnitt, for appellees.

     Before PARDEE and McCORMICK. Circuit Judges, and
SWAYNE, District Judge.

     SWAYNE, District Judge (after stating the facts as above).
While it is well established that the checks of depositors, in the or-
dinary course of business with the bank, do not become the prop-
erty of the bank, and the relation of debtor and creditor is not es-
tablished, but that of principal and agent prevails up to the time
the check is collected, and money is received by the bank, yet we
think the decision of this case need not rest upon that well-estab-
lished proposition of law.   It is true that the late president of that
bank vigorously denied that he had any knowledge of the insolvency
of the bank before the night in question.   It is plainly evident, not

only from the conditions which the bank has since been shown to have been in,—conditions which he could not avoid knowing,—but also from the records of the president and cashier, of which this court will taken judicial notice, he could not have been telling the truth. His action setting these checks and other deposits of the 5th of August aside, failing to mingle them with the moneys of the bank, is strong proof that he was aware that the bank was hopelessly insolvent. The testimony of the bank examiners shows that the bank had been hopelessly insolvent for months. The officers were where they could have known, they should have known, and must have known its actual condition. Of this insolvency, however, it is evident that the appellees had no knowledge or intimation, for they not only allowed their large deposit to remain in the bank, but sent that which is in controversy here, which they would not have done if they had had the slightest intimation that the bank was in trouble. The action of the bank in thus receiving said checks for collection was such a fraud upon the appellees as gave them the right to demand the return of the checks. We do not feel called upon to cite any authorities to establish the doctrine that the checks received under such circumstances did not become the property of the bank, but remained that of depositors, who have, under the circumstances, the right to recover the same; and the judgment of the lower court is therefore affirmed.