J. P. COCHRANE, as Liquidator of Commercial Bank & Trust Company, a corporation doing business in West Palm Beach, Florida, *Appellant*, vs. FLORIDA EAST COAST RAILWAY COMPANY, a corporation, *Appellee*.

145 So. 217.

Division B.

Opinion filed December 19, 1932.

432

*Winters, Foskett & Wilcox,* for Appellant;

*Robert H. Anderson* and *John B. L'Engle,* for Appellee.

TERRELL, J.—This suit was instituted in May, 1927, by petition of Appellee praying that it be decreed to have a preferred claim against Appellant and that said claim be paid from cash assets held by Appellant as liquidator of Commercial Bank & Trust Company. A demurrer to the petition was overruled, answer was filed, testimony was

taken, and on final hearing the relief prayed for was granted. This appeal is from that final decree.

The salient facts out of which the instant cause arose may be summarized as follows: The Commercial Bank and Trust Company of West Palm Beach failed June 28th, 1926, and was placed in the hands of W. H. Tunnicliffe, who was later succeeded by J. P. Cochrane as Liquidator. On June 23, 24, 25 and 26, 1926, respectively, the Appellee purchased cashier's checks from said bank paying cash or its equivalent for them and it now predicates its preferred claim on said cashier's checks, it being alleged that at the time they were purchased the Commercial Bank and Trust Company was in fact insolvent or in an unsound condition and that said condition was known to its officers.

The final decree is first challenged on the ground that the petition does not allege that petitioner's claim was filed with the liquidator in proper form and rejected by him before bringing this suit.

To support his contention Appellant relies on Section 4163 Revised General Statute of 1920 and Sections 6103 and 6104 Compiled General Laws of 1927, Sections 193 and 194 Title 12, U. S. Code, Crowell vs. Federal Reserve Bank of Dallas, Tex. et al., 12 Fed. (2nd) 259, and Berrien County Bank vs. Alexander 28 Ga. App. 55, 110 S. E. 311. It is true that the Court in the preceding cases construed the Federal and Georgia Statutes on insolvency to require the petition in a suit like this to allege that the petitioner's claim had been duly filed with and rejected by the authorized authority before bringing suit but the Federal and Georgia Statutes, while similar in many respects, are materially different in others from ours, so these cases are not controlling.

Our statute, Section 6104 Compiled General Laws of 1927, does not in terms require that the petition negative the presentation and rejection of petitioner's claim by the

liquidator as a prerequisite to bringing suit. In Walker vs. McNeil, 68 Fla. 181, 66 So. 994, this Court in effect held that no such prerequisite is necessary. The record does not disclose that this question was considered by the lower Court and counsel contends that it was raised here the first time. It was not directly raised in the answer nor the demurrer to the petition though the latter was filed prior to the expiration of one year from the closing of the bank. The record further discloses that the Appellee actually filed, as required by law, proof of his claim with the liquidator and that same was rejected by him. We therefore think the petition is invulnerable to this attack but if it was essential to allege the filing of the proof of Appellee's claim and rejection thereof by the liquidator, under the facts as shown to exist in this case we would be compelled to hold such failure of allegation as harmless.

The petition is next challenged because of the use of the conjunctive, alternative phrase "and/or" in charging insolvency of the bank, it merely alleging the "insolvency and/or unsound condition" of the bank and knowledge of such condition by its officers. It is contended that the petitioner should charge and prove hopeless insolvency.

There are degrees in insolvency, in Garrett vs. Tunnicliffe, et al. decided this date we drew the distinction between mere "insolvency" and "hopeless insolvency" but that distinction is not material to the disposition of this case. To charge in effect that the bank was insolvent and that condition was known to its officers is ample to put them on notice, it shows the intention of the pleader and the burden of proving the degree of insolvency is imposed on the petitioner. This holding is supported by the dominant authority. St. Louis and San Francisco Ry. Co. vs. Johnson, 133 U. S. 566, 10 Sup. Ct. 390, 33 L. Ed. 683, Walker vs. McNeil, 68 Fla. 181, 66 So. 994, Western German Bank vs. Norvell, 134 Fed. 724, Scharnberg vs. Citi-

zens National Bank of Spencer, 33 Fed. (2nd) 673, Quin vs. Earle, 95 Fed. 728, Furber vs. Dane 204 Mass. 412 N. E. 859.

The petitioner may charge insolvency or he may charge hopeless insolvency. If he charge the former he carries the burden of proving his charge and that such condition was actually known to its officers or that the affairs of the bank were such as to put them on notice of its condition. If he charge the latter he carries the burden of proving that the officers of the bank took his deposit knowing that they could not respond in payment when the depositor demanded it, taking the deposit under such circumstances being a preconceived plan to defraud.

In the matter of the use of the alternative, conjunctive phrase "and/or" it is sufficient to say that we do not hold this to be reversible error but we take our position with that distinguished company of lawyers who have condemned its use. It is one of those inexcusable barbarisms which was sired by indolence and dammed by indifference and has no more place in legal terminology than the vernacular of Uncle Remus has in Holy Writ. I am unable to divine how such senseless jargon becomes current. The coiner of it certainly had no appreciation for terse and concise law English.

It is last contended that the evidence is not sufficient to support the final decree.

In his final decree the chancellor found the equities to be with the petitioner, that it proved every material allegation of its petition by a preponderance of the evidence, that it was entitled to preferential payment of its four cashiers' checks aggregating $9,902.94 and that the $95,-945.83 in the vault of the Commercial Bank & Trust Company at the time it closed and was turned over to the liquidator is now held by him as a trust fund subject to the payment of petitioner's claim.

As is often the case the evidence in support of the final decree is in conflict but the chancellor resolved these conflicts and there is ample evidence to support his finding. The test of insolvency is determined by the relation of assets to liabilities. We discussed this test fully in Garrett vs. Tunnicliffe et al., decided this date and measured by every test as there defined the Commercial Bank and Trust Company was insolvent when it drew the cashier's checks brought in question and this condition must have been known to its officers. Whether it was insolvent or hopelessly insolvent is not material here. Whether or not Appellee's claim may be paid in full of course depends on the application of the doctrine approved by this Court in Myers vs. Federal Reserve Bank 101 Fla. 407, 134 So. 600, to the effect that due consideration must be given to other equities or claims on the same fund which may or may not be before the Court.

But Appellant contends that a preferred claim can not be predicated on a cashier's check purchased as these were. The answer to this question is that relation or circumstances rather than form determine whether or not a claim against an insolvent bank may be classed as preferred or that of a common creditor. This Court has frequently held that a trust will be impressed on the assets of an insolvent bank when it is shown that such assets were increased by the addition of assets belonging to the claimant that can be traced to the assets of the bank. The cashier's checks brought in question were purchased as a means of remitting funds of Appellee rather than sending the currency. In other words Appellee was using a banking facility created for that purpose. It was a cash transaction, the assets of the bank were increased to the amount of the checks and the relation of trustee rather than that of debtor and creditor was created between the parties. These facts were ample to create a preference.

A cashier's check is a check of the bank's cashier, on his or another bank. It is not distinguishable from a draft. People vs. Miller, 278 So. 490, 116 N. E. 131, L. R. A. 1017 E. 797, Montana Wyoming Assn. of Credit vs. Conner National Bank, 80 Mon. 174, 259 Pac. 1060. If the circumstances under which it was drawn create the relation of debtor and creditor then the holder becomes a common creditor.

When the cashier's checks out of which this case arose were issued the officers of the bank were bound to know or could have known by the exercise of reasonable diligence that they would not be paid. True we held in Garrett vs. Tunnicliffe supra, that if a bank accepted a deposit when it was insolvent and such condition was unknown to its officers and directors and the bank's condition was not such as to put them on constructive notice, the receipt of the deposit does not work a fraud and the claimant must stand with the common creditors but this does not mean that the officers and directors of the bank can shut their eyes to its condition and plead ignorance. They are stewards of every depositor and are charged with diligence in knowing and keeping themselves advised as to the bank's condition. This holding is not in conflict with Amos, Comptroller vs. Baird, 96 Fla. 181, 117 So. 789. In that case the question of the insolvency of the bank as the time the cashier's check was drawn was not in issue and the circumtances under which it was drawn were otherwise sufficiently different to distinguish it from this case.

For the reasons announced in this opinion the judgment below is affirmed.

Affirmed.

WHITFIELD, P.J. AND DAVIS, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS, J., agrees to the conclusion.