J. H. THERRELL, as Liquidator of the Bank of Bay Biscayne, and ERNEST AMOS, as Comptroller of the State of Florida, *Appellants*, v. MORTON FOGAL, doing business under the name of Fogal Boat Yard, *Appellee*.

148 So. 199.

Opinion filed January 2, 1933.

*W. Robert Smith*, for Appellants;
*Hugo C. Enstrom*, for Appellee.

DAVIS, J.—The bank of Bay Biscayne is an insolvent bank that closed its doors on June 10, 1930. A few minutes before it was taken charge of by the Comptroller, Morton Fogal, the appellee, deposited for collection and application to his account, a check drawn in favor of Fogal Boat Yard on First National Bank of Palm Beach. The Bank of Bay Biscayne, after forwarding the check to a correspondent bank accompanied by an advice to collect and credit, failed prior to the receipt and collection of the check by the correspondent bank (Central Farmers Trust Company at West Palm Beach). On June 11, 1930, the next day after the Bank of Bay Biscayne failed, the correspondent bank presented the check to First National Bank in Palm Beach, upon which it was drawn, and received payment thereon as correspondent of the Bank of Bay Biscayne which was then in the hands of the Comptroller. But the Central Farmers Trust Company, the correspondent bank, credited the proceeds of the check upon an indebtedness owing by the Bank of Bay Biscayne to said Central Farmers Trust Company. The collection was made and the credit so given, after the Bank of Bay Biscayne had closed its doors and had been taken charge of by the Comptroller.

The appeal is from a final decree which adjudicated that the proceeds of the check deposited by appellee with the Bank of Bay Biscayne, under the circumstances above related, should be treated as a preferred claim against the assets of the Bank of Bay Biscayne.

The decree should be affirmed upon the authority of Everglade Cypress Co. v. Tunnicliffe, Liquidator, opinion filed 2nd day of January, 1933, decided at this term of this Court, 107 Fla. 675, 148 So. 192.

The Bank of Bay Biscayne acting as a collection agent

for appellee, became a trustee for all amounts collected on the deposited check pursuant to acts done by it or its correspondent bank, in the course of discharging the agency for collection. The collection by the Central Farmers Trust Company was an agent for the Bank of Bay Biscayne, which latter bank, *eo instanti* the collection, became a trustee for appellee to the extent of what had been collected by its correspondent bank on its behalf, whether the correspondent bank ever remitted the proceeds to the Bank of Bay Biscayne or not.

We must therefore reject the contention made on this appeal that the trust relationship resulting from the actual collection of appellee's check, can only be enforced against the Central Farmers Trust Company which appropriated the money to satisfy its claim against the Bank of Bay Biscayne. Our conclusion is that the trust thus created can be enforced against the actual trustee, Bank of Bay Biscayne, which constructively, though not actually, had its assets augmented by what was collected for its account. Walker vs. McNeill, 68 Fla. 181, 66 Sou. Rep. 994; Kansas State Bank v. First State Bank, 62 Kan. 788, 64 Pac. 634; Richardson v. Denegre, 93 Fed. 572, 35 C. C. A. 452. It is not the identical dollars that must be pursued in such cases. Smith v. Fuller, 86 Ohio St. Rep. 57, 99 N. E. 214.

The extent to which the preference may be enforced, that is, whether against all, or some specific portion only of the assets, is not properly before us for adjudication on this appeal. So far as we know from the record, the cash assets, out of which such a preference as this would constitute a charge and would be payable, is adequate to pay this and all other preferences of like dignity. If this is not so, the appellant may apply to the Court below for further instructions on that point. The decree itself is that the Liquidator is directed to pay as a preferred claim

the amount of $3,318.33 out of and from the general assets of the said Bank of Bay Biscayne, at the same time and upon the same basis as other preferred claims against the assets of the said Bank of Bay Biscayne.

We construe the final decree as meaning no more than that a preference is adjudicated in appellee's favor, payable upon the same basis as other preferred claims against the assets of the Bank of Bay Biscayne of the same kind, character and dignity. So construed, the decree appealed from should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

Filed under Rule 21-A.