E. L. Mickle, as Liquidator, Merchants Bank & Trust Co., Ernest Amos, as Comptroller, and W. V. Knott, as Treasurer, v. Ormond Beach Bond, Mortgage & Guaranty Co.

152 So. 852.

Division A.

Opinion Filed February 19, 1934.

*Hull, Landis & Whitehair,* for Appellants;

*H. E. Couchman* and *Selden, Hodgden & Couchman,* for Appellee.

Terrell, J.—On July 10, 1929, appellee drew its check for $2,500.00 on the Franklin Fourth Street National Bank of Philadelphia, payable to the order of Merchants Bank & Trust Company of Daytona Beach, and deposited it with the latter bank in the usual course of business for collection and credit to appellee's account. The Merchants Bank & Trust Company closed and went into liquidation at the close of business July 11, 1929.

In due course appellee filed its claim with appellant as liquidator and asked that it be allowed as a preferred claim against the assets of said bank. This request was denied and in October, 1931, appellee as complainant filed its bill

of complaint in the Circuit Court seeking to impress a trust on the assets of said bank for the payment of its claim in full, the bill of complaint being grounded on the theory that the bank was hopelessly insolvent and was known to be so or should have been known to be so by its officers at the time the check was accepted for deposit and collection. A motion to dismiss the bill of complaint was overruled and this appeal is from that decree.

In essence the sole question brought here for our determination is whether or not the bill of complaint states facts sufficient to make a case on the ground of hopeless insolvency, the law being well settled that deposits should not be accepted under such circumstances if known or should have been known to its officers.

Appellants by counsel have offered a very full and thorough brief in support of the alleged insufficiency of the bill, citing the governing rule supported by authority from many jurisdictions. Appellee rests its case in reliance on Walker v. McNeil, *et al.,* 68 Fla. 181, 66 So. 994.

We have examined the bill of complaint and briefs of counsel and it is our conclusion that the allegations of the bill are sufficient to withstand the motion to dismiss. The law and rule as to hopeless insolvency in its relation to this case were discussed and approved by this Court in the recent case of Garrett v. Tunnicliffe, 107 Fla. 393, 145 So. 213. Further discussion of it here would serve no useful purpose.

The judgment below is accordingly affirmed on authority of Walker v. McNeil and Garrett v. Tunnicliffe, *supra.*

Affirmed.

Davis, C. J., and Ellis, J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.