FARMER, Judge.
Defendant was charged with kidnapping and sexual battery. The charging document alleged venue in “Okeechobee and/or Martin County.” The evidence at trial showed that the events underlying the alleged kidnapping began in Okeechobee county, but the victim testified unequivocally that the sexual battery occurred in Martin county. The jury acquitted defendant of the kidnapping charge, but convicted him of sexual battery. He argues on appeal that the state failed to prove venue as charged. We affirm.[1]
Article I, Section 16, of the Florida Constitution recognizes an exception to the general privilege of trial in the county in which the crime was committed when the locus of the crime is not known:
“If the county is not known, the indictment or information may charge venue in two or more counties conjunctively and proof that the crime was committed in that area shall be sufficient; but before pleading the accused may elect in which of those counties he will be tried.”
Moreover, section 910.03, Florida Statutes (1995), adds to the constitutional provision that:
“Except as provided in s. 910.035 or in subsection (2), criminal prosecutions shall be tried in the county where the offense was committed; but if the county is not known, the accused may be charged in two or more counties conjunctively, and before trial the accused may elect the county in which he will be tried. By his election, the accused waives the right to trial in the county in which the crime was committed.”
Here the case was filed by the state in Okeechobee County, but defendant did not ask to be tried in Martin County, and the case proceeded to trial in Okeechobee County-
The constitution allows the state to charge venue in two or more counties con-junctively when, as here, the precise location of the offense is not clear. As we noted at the beginning, the charging document alleged “Okeechobee and/or Martin County.” The question is whether the locution and/or is conjunctive, as the constitution permits. In Cochrane v. Florida East Coast Ry., 145 So. 217, 107 Fla. 431 (1932), the court described the formulation and/or as conjunctive. Defendant has not asserted either in the trial court or here that he did not so understand the charging document or that he was somehow prejudiced by the state attempting to allege conjunctive venue through the word and/or.
*1267 On the other hand, however, speaking for the court in Cochrane, Justice Terrell condemned in no uncertain terms the use of this verbal construct as an abomination:
“In the matter of the use of the alternative, conjunctive phrase ‘and/or,’ it is sufficient to say that we do not hold this to be reversible error, but we take our position with that distinguished company of lawyers who have condemned its use. It is one of those inexcusable barbarisms which was sired by indolence and dammed by indifference, and has no more place in legal terminology than the vernacular of Uncle Remus has in Holy Writ. I am unable to divine how such senseless jargon becomes current. The coiner of it certainly had no appreciation for terse and concise law English.”
145 So. at 218-219.
While we do not find error in this allegation of venue, we do deem it important to add our own disapproval of prosecutorial reliance on this term. Admittedly this verbalism is a widely used crutch in legal writing.[2] It most surely is an “inexcusable barbarism” and usually reflects laziness on the part of the scrivener who resorts to it. In those truly rare occasions when it is necessary for a lawyer to convey at once the idea of combined conjunctiveness and disjunctiveness there are other ways in the English language for legal writers to do so.
In this case, it would have been quite proper for the state to have alleged, as the constitution and section 910.03 plainly permit, that the crime occurred in “Okeechobee and Martin County.” If defendant did not like the prosecutor’s choice of venue, he had a complete remedy under section 910.03 by merely filing an election of Martin County.
We agree with the state in its contention that the constitution and section 910.03(1) save its conjunctive choice of Okeechobee and Martin County for the sexual battery prosecution.
AFFIRMED.
STONE and STEVENSON, JJ., concur.

. Although his motion for judgment of acquittal raising the venue issue was not made until more than 10 days after the verdict, the trial judge considered it on the merits, as rule 3.380(c) so plainly allows him to do. See Fla.R.Crim.P. 3.380(c) (motion for judgment of acquittal may be made within 10 days after return of verdict and discharge of jury "or such further time as the court may allow.”).

. Judges are not alone in expressing strong disapproval of this construction; the grammarians are equally vehement. Fowler called it an “ugly device" whose limited usefulness should not stray beyond the law and commerce. H.W. Fowler, A Dictionary of modern English usage (2nd ed.) 29. See also Edward D. Johnson, The Handbook of Good English, 230 ("a convenient and compact device — it isn’t really a word — but an ugly one).
Similarly, Theodore Bernstein, whose own career straddled both teaching and journalism, was even more pungent:
“Whatever its uses in legal or commercial English, this combination is a visual and mental monstrosity that should be avoided in other kinds of writing. Fortunately it is almost always unnecessary. For example: ‘The idea abroad that the United States for some years has been drifting abput in a leaderless condition, under the inept and/or indolent stewardship of Dwight Eisenhower ..., apparently has been demolished by the President in person.' If this were made 'inept or indolent,' it would accommodate observers abroad who thought one thing or the other, and certainly would not exclude those thought both. However, it must be conceded that there are situations in which a choice of one conjunction or the other will not do the trick. For instance: 'The law allows a $25 fine and/or thirty days in jail.' The solution here is to write out in plain English, at the cost of just one extra word, what the and/or means: '$25 fine or thirty days in jail or both.'"
Theodore M. Bernstein, The Careful Writer, 41.