NESBITT, J.
On June 4, 1999, a Final Default Judgment was entered against the defendant. On July 14, 1999, the defendant filed an Emergency Motion to Set Aside Final Default Judgment, which the court subsequently granted. We reverse.
In her Emergency Motion to Set Aside Final Default Judgment, the defendant claimed that she never received copies of anything filed in the case after she filed her initial Motion to Dismiss. She attributed this to the fact that the plaintiff was sending copies of the filings in envelopes that contained an incorrect Puerto Rico mailing address. Defendant submitted no evidence in support of this bare bones, unverified assertion. In fact, all of the evidence before the court showed that the defendant did in fact receive copies of the filings in the case. This included both a prior admission by the defendant, as well as a sworn affidavit from a member of the United States Postal Service in Puerto Rico which indicated that the defendant would have received all of the filings even if the address on the envelopes contained the errors that the defendant complained of.[1] Since the motion seeking relief consisted of merely unsworn to representations of counsel, unsupported by proof showing any excusable neglect, and the only evidence before the court actually refuted these representations, the lower court abused its discretion by granting the Motion to Set Aside Final Default Judgment. See Vanguard Group, Inc. v. Vanguard Security, Inc., 409 So.2d 1219 (Fla. 3d DCA 1982); Yu v. Weaver, 364 So.2d 539 (Fla. 4th DCA 1978); Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976).
Accordingly, we reverse the order granting Defendant’s Emergency Motion to Set Aside Final Default Judgment and remand with directions to reinstate the Final Default Judgment.

. This is because in spite of the mistake in address, the envelope contained enough correct information so as to assure successful delivery.