913 So.2d 626 (2005)
Gail TRINKA, Appellant,
v.
William STRUNA, Appellee.
No. 4D04-1939.
District Court of Appeal of Florida, Fourth District.
May 18, 2005.
William A. Fleck of Kramer, Ali, Fleck, Hughes, Gelb & Bornstein, Jupiter, for appellant.
Lynn Waxman of Lynn Waxman, P.A., West Palm Beach, and Charles Ryan Hickman of Charles Ryan Hickman, P.A., West Palm Beach, for appellee.
WARNER, J.
The trial court set aside a default final judgment after concluding that the defendant's attorney showed excusable neglect in failing to move to set aside the default. We conclude that the attorney's actions amounted to willful conduct because he intentionally did not answer the complaint before the default was entered and failed to promptly move to set the default aside once he discovered its entry. Therefore, the order setting aside the final judgment is reversed.
Appellant, Gail Trinka, filed suit against appellee, William Struna, for declaratory relief. Struna was served with the complaint on April 14, 2003, and sought the services of his attorney, Charles Hickman. Hickman had a copy of the complaint in *627 hand by May 1, 2003. Hickman believed that a jurisdictional issue was present regarding service of process. On May 5, Hickman instructed his secretary to check with the clerk's office on a daily basis in order to determine whether a motion for default had been filed.
Although Trinka could have moved for a default on May 5, her attorney waited until May 12 to file the motion. Because Hickman's secretary failed to continually check with the clerk's office, she missed the filing of the motion for default on May 12. The clerk entered the default on May 13. Hickman admitted that in delaying a response to the complaint he was relying on opposing counsel's lack of diligence in moving for a default.
After securing the clerk's default, Trinka moved for a Default Final Judgment on May 15 and sent notice to Struna. Notice was not sent to Hickman because he had never entered an appearance. Trinka noticed a hearing for May 20, but neither Struna nor Hickman appeared at the hearing. Thereafter, the court set an order for non-jury trial with docket call on July 18. Hickman became aware of the default when he received the May 28 order of the court.
Despite being aware of the default, Hickman took no action to set it aside, believing that he now had until July 18 to file something in the case before a judgment was entered. Trinka, realizing that no trial was needed because of the default, filed an ex parte motion with the court to clarify its order setting the case for trial in which she argued that she was entitled to a default final judgment. The court admitted that it had erroneously set the case on a non-jury docket. The court entered a final judgment on July 1, 2003.
Struna filed a motion to dismiss and quash service on July 3, 2003, in which he also sought to vacate the default. The motion to quash service was denied. All his motion stated with respect to the default was that the final judgment was entered on July 1, while the court file indicated that the order set a non-jury trial for July 28. No affidavit indicating any excusable neglect was filed. An amended motion to set aside default was filed in September, again noting the order setting trial and stating that because the trial was to be set on July 28, Hickman believed that there was time to assert meritorious defenses. No attempt was made in the motion to explain how the entry of the default was the result of excusable neglect.
At the hearing on the motion for default, Hickman, for the first time, blamed his secretary for failing to monitor the clerk's file to ascertain whether a default had been entered. He admitted, however, that he had learned of the clerk's default when he reviewed the file and discovered the order for trial. He relied on the trial date in the end of July, concluding that he had time to prepare pleadings. The court determined that this constituted "inadvertence, mistake, or carelessness," and the order setting trial in the end of July resulted in Hickman's confusion. Therefore, the court found excusable neglect and vacated the default final judgment.
We cannot agree that the actions of Struna's counsel constituted excusable neglect. In Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985), this court concluded:
The pattern which emerges from these and the myriad of cases not cited here is best stated negatively: a default will not be set aside where the defaulted party or his attorney (1) simply forgot or (2) intentionally ignored the necessity to take appropriate action; that is to say, where the conduct could reasonably be characterized as partaking of gross *628 negligence or as constituting a willful and intentional refusal to act.
Id. at 1105-06 (emphasis added). Where a default has been entered and discovered, it is also incumbent upon the lawyer to exercise all due diligence to seek its vacation. "[S]wift action must be taken upon first receiving knowledge of any default. Further delay in excess of the time reasonably necessary to prepare and file a notice to vacate should prove fatal, absent some exceptional circumstance." Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329, 1330 (Fla. 4th DCA 1978).
In this case, defendant's attorney "intentionally ignored the necessity to take appropriate action." Somero, 467 So.2d at 1105. First, he did not immediately answer the complaint or take any action to extend the time for filing motions or an answer. Instead, he told his secretary to check to see if a default was entered and to keep checking for its entry. He knew that a default had not been entered, yet he failed to file any pleading, instead waiting until the default had been entered, saying he was relying on the opposing counsel's lack of diligence in moving for a default!
Even when a default was entered and discovered, defendant's attorney did not move immediately to vacate the default. Although he thought he had plenty of time until a final judgment was entered based upon the trial being set in the end of July, he obviously did not appreciate his duty to immediately seek to vacate the known default. More than a month passed between the discovery of the default and the entry of the final judgment without any attempt to vacate the default. That defendant's attorney ignored his duty to act with all due diligence is clear.
The entry of the default was caused by the intentional failure of defendant's attorney to act, as was the failure to move to set aside the default, resulting in the entry of the default final judgment. Based upon Somero and Westinghouse Credit, this conduct cannot be considered excusable neglect. We therefore reverse and remand for reinstatement of the final judgment.
FARMER, C.J. and GUNTHER, J., concur.