957 So.2d 1191 (2007)
LAZCAR INTERNATIONAL, INC., Appellant,
v.
Rene CARABALLO, Appellee.
No. 3D05-2512.
District Court of Appeal of Florida, Third District.
March 21, 2007.
Rehearing and Rehearing Denied June 8, 2007.
Gordon C. Watt, for appellant.
Arnaldo Velez, Coral Gables, for appellee.
Before FLETCHER, SHEPHERD, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied June 8, 2007.
SHEPHERD, J.
Lazcar International, Inc. (Lazcar) appeals from a trial court order granting Rene Caraballo's motion to vacate a final default judgment. We reverse with directions to the trial court to re-instate the judgment.
The pertinent portions of the record can be related succinctly. On November 23, 2004, Lazcar filed suit against Caraballo and Orlando Lorenzo alleging open account, account stated, and unjust enrichment for non-payment of sums due for the international shipment of several horses. Lazcar alleged that Caraballo "and/or" Lorenzo were jointly and severally liable to it on each claim. On February 15, 2005, Lazcar obtained the entry of a default final judgment against Caraballo.[1] It is undisputed that Caraballo waited at least six weeks after learning of the default judgment before moving for relief in a sworn motion to vacate default filed by him on May 4, 2005. Lazcar contends that the trial court erred as a matter of law in granting the motion due to a lack of competent substantial evidence to demonstrate *1192 that Caraballo acted with due diligence in seeking relief from the default. We agree.
For a trial court to grant a motion to set aside a default final judgment, the moving party must show three things: (1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default. Goodwin v. Goodwin, 559 So.2d 109, 109 (Fla. 2d DCA 1990). It has long been the law of this state, well understood by practitioners, that "swift action must be taken upon first receiving knowledge of any default." Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329, 1330 (Fla. 4th DCA 1978). As this court has said,
[I]t would appear that [this] requirement . . . is directly related to the reasons for the entry of the default in the first placeto provide for prompt disposition of legal proceedings. In essence, one might say, then, that timely action is required to avoid "defaulting" upon the opportunity to set aside a previously entered default.
Techvend v. Phoenix Network, Inc., 564 So.2d 1145, 1146 (Fla. 3d DCA 1990) (internal citations omitted). It is also well settled in this state that evidence advanced to support the due diligence prong of a motion to vacate a default must be sworn. Church of Christ Written in Heaven v. Church of Christ Written in Heaven, 947 So.2d 557, 559 (Fla. 3d DCA 2006)(pointing out that a motion to vacate default must be supported by sworn statements or affidavits); Lanza v. Allied Trucking, 930 So.2d 633, 634 (Fla. 3d DCA 2006)(affirming an order granting a defendant's motion to vacate default where defendant "filed two affidavits to support the claims of excusable neglect and due diligence"); Roberts v. Safeway Ins. Co., 610 So.2d 700, 701 (Fla. 3d DCA 1992)(reversing an order denying a motion to vacate default judgment where defendant's "affidavit establishes that [defendant] exercised due diligence under the circumstances").
In this case, the only explanation offered to excuse the six-week delay found in the record is in the form of unsworn representations of counsel made at the hearing on the motion. Counsel argued that after receiving notice of the default judgment in mid-March 2005, Caraballo consulted with him "sometime in April or thereabouts." Counsel further stated that for his own reasons, he waited another "couple of weeks," until May 4, to complete and file the sworn motion. Unsworn argument of counsel is insufficient to satisfy the due diligence element of a motion to vacate a default final judgment. Polygram Latino U.S. v. Torres, 751 So.2d 90 (Fla. 3d DCA 1999)(ruling that the trial court abused its discretion in granting defendant's motion to vacate default judgment "[s]ince the motion seeking relief consisted of merely unsworn to representations of counsel, unsupported by proof showing any excusable neglect, and the only evidence before the court actually refuted these representations"); see also Daughtrey v. Daughtrey, 944 So.2d 1145, 1148 (Fla. 2d DCA 2006)("[a]s this court has previously observed, unsworn representations by counsel about factual matters do not have any evidentiary weight in the absence of a stipulation"); State v. Bauman, 425 So.2d 32, 35 n. 3 (Fla. 4th DCA 1982)("We say again that facts are not established for consideration by the trial court or by appellate review when attorneys make representations in their arguments before the trial court. Facts are established by testimony, affidavits and stipulations. It is of no moment in establishing facts that attorneys are `officers of the court' as we so often read when an unsworn representation is made.").
*1193 Absent competent substantial evidence of some exceptional circumstance explaining the delay, Westinghouse Credit Corp., 356 So.2d at 1330, a six-week delay in filing a motion to vacate a default after receiving notice constitutes a lack of due diligence as a matter of law. See, e.g., Trinka v. Struna, 913 So.2d 626, 628 (Fla. 4th DCA 2005)(finding "[t]hat defendant's attorney ignored his duty to act with all due diligence" where "more than a month passed between the discovery of the default and the entry of the final judgment without any attempt to vacate the default"); Fischer v. Barnett Bank of S. Fla., N.A., 511 So.2d 1087, 1088 (Fla. 3d DCA 1987)(finding a "five week delay by the defendants [in filing motion to vacate] entirely inexcusable"); Bayview Tower Condo. Ass'n v. Schweizer, 475 So.2d 982, 983 (Fla. 3d DCA 1985)(finding a delay of one month "showed a lack of due diligence in seeking relief after learning of the default and was fatal to the subject motion to vacate filed below"); see also Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So.2d 300, 304 (Fla. 2d DCA 2004)(concluding "that the seven-week delay here was unreasonable"). Of course, here, there is no competent evidence of any circumstance, exceptional or not, explaining the delay. However, even if the unsworn argument of defense counsel at the hearing on the motion to vacate is considered, the order under review still fails. We find nothing said by defense counsel to be graspable by Caraballo as an "exceptional circumstance" to explain the delay.
Finally, we note that the reason expressed by the trial court for vacating the final default judgment was that through the use of the phrase "and/or," Lazcar displayed insufficient certainty of pleading for the court to "legally find Caraballo had any liability whatsoever in this case." Although a default judgment can be vacated on the ground suggested by the trial court, see Becerra v. Equity Imports, Inc., 551 So.2d 486, 488 (Fla. 3d DCA 1989)(ruling that a default judgment must be set aside where the complaint fails to state a cause of action because "[f]ailure to state a cause of action, unlike formal or technical deficiencies, is a fatal pleading deficiency not curable by a default judgment"), the court erred in employing this ground in its reasoning in this case. In another era, our high court commendably denounced the use of the phrase "and/or" as "one of those inexcusable barbarisms . . . sired by indolence and dam[n]ed by indifference [which] has no . . . place in legal terminology." Cochrane v. Fla. E. Coast Ry. Co., 107 Fla. 431, 145 So. 217, 218 (1932). "The coiner of it certainly had no appreciation for terse and concise English." Id. In the end, however, the court concluded that it was "not . . . reversible error" to employ the phrase in the initial pleading in a civil case, id., and that remains true to this day. Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A., 721 So.2d 787, 788-89 (Fla. 3d DCA 1998)("Thus, although the plaintiff's allegations were arguably inconsistent, and inartistically plagued by the phrase `and/or,' the complaint sufficed to survive [defendant's] motion to dismiss for failure to state a cause of action."). Cf. Dorsett v. McRay, 901 So.2d 225 (Fla. 3d DCA 2005)(finding that "fundamental error indeed occurred . . . through the use of the `and/or' conjunction" during jury instructions in a criminal case). Although we join our predecessors of that earlier day in continuing to rue the use of the phrase "and/or" by lawyers and judges in the legal professionharboring no illusion that we will be any more successful in muffling the term than our predecessorswe find that the allegations of the complaint stated a cause of action.
Reversed and remanded with directions.
NOTES
[1] The suit against Lorenzo was dismissed voluntarily shortly after entry of the Default Final Judgment.