SCHWARTZ, Senior Judge.
The record demonstrates that none — let alone, as required, all — of the legal prerequisites for the order now under review granting Florida Rule of Civil Procedure 1.540(b) relief from a default final judgment duly entered against appellees has been satisfied. See Lazcar Int'l Inc. v. Caraballo, 957 So.2d 1191, 1192 (Fla. 3d DCA 2007) (“For a trial court to grant a motion to set aside a default final judgment, the moving party must show three things: (1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default.”), review denied, 969 So.2d 1011 (Fla.2007); Geer v. Jacobsen, 880 So.2d 717, 721 (Fla. 2d DCA 2004) (A meritorious defense “must be asserted either by a pleading or in an affidavit, and a general denial is insufficient to demonstrate the existence of a meritorious defense.”); Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So.2d 300 (Fla. 2d DCA 2004) (finding that a seven-week delay in seeking relief from default judgment was unreasonable); Herrick v. Se. Bank, 512 So.2d 1029 (Fla. 3d DCA 1987) (holding that excusable neglect cannot arise from negligence of counsel); see also Fischer v. Barnett Bank of S. Fla., 511 So.2d 1087 (Fla. 3d DCA 1987) (finding that a five week delay in seeking relief from default judgment was “entirely inexcusable”). The order is reversed and the cause is remanded with directions to rein *937 state the final judgment below. See Lazcar Int’l, Inc., 957 So.2d at 1192 (reversing an order vacating a final default judgment where there was an undisputed six week delay in moving for relief after learning of the default judgment); Church of Christ Written in Heaven, Inc. v. Church of Christ Written Heaven of Miami, Inc., 947 So.2d 557 (Fla. 3d DCA 2006) (reversing the trial court’s order vacating default judgment where unverified motion to vacate contained only bare allegations of excusable neglect and meritorious defense); Trinka v. Struna, 913 So.2d 626, 628 (Fla. 4th DCA 2005) (reversing the trial court’s order vacating default judgment where “defendant’s attorney ignored his duty to act with all due diligence” in allowing the passage of more than a month “between the discovery of the default and the entry of final judgment without any attempt to vacate the default”).
Reversed.