361 So.2d 734 (1978)
SUPRO CORPORATION, a California Corporation, Appellant,
v.
Joe BRIDWELL and Dorothy Bridwell, and John Westfall and Amy Westfall, His Wife, Appellees.
No. 77-800.
District Court of Appeal of Florida, Fourth District.
February 28, 1978.
Rush, Marshall, Bergstrom & Robison, Orlando, for appellant.
Joseph Padawer, Maitland and Calvin J. Faucett, Orlando, for appellees.
*735 MOORE, Judge.
This is an interlocutory appeal from an order vacating a final judgment entered upon a non-jury trial at which the appellees failed to appear.
The non-jury trial was conducted on February 14, 1977 and final judgment was entered for the plaintiff-appellant on the same day. Ten days later, the defendants-appellees, John Westfall and Amy Westfall, his wife filed their motion to set aside the final judgment alleging a meritorious defense and excusable neglect on the part of their attorney whose affidavit indicated his file had been misplaced due to moving his official residence. In his order vacating the final judgment and granting a new trial, the trial court found the conduct of the attorney to be "gross and without justification," but in recognizing the penalty which would be imposed upon the defendants by not vacating the final judgment, he proceeded to grant such relief.
Rule 1.540(b) provides relief to a party from a final judgment where there has been mistake, inadvertence, surprise or excusable neglect. In Travelers Ins. Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977), we held that the entry of a default judgment upon failure of counsel to appear at a hearing on a motion for default judgment because he had failed to properly note the hearing on his calendar was mistake or inadvertent or excusable neglect.
Within ten days from the entry of the final judgment in the case sub judice, the appellees moved to set aside the final judgment. That motion was grounded upon the failure of counsel to appear at the trial because his file had been misplaced due to moving his official residence. We find that this constitutes excusable neglect.
If the trial court's conclusion can be supported on any theory, we must affirm notwithstanding his failure to use the proper reasoning. See State Plant Board v. Smith, 110 So.2d 401 (Fla. 1959).
Accordingly, the order under review is hereby
AFFIRMED.
DAUKSCH, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
In addition to the failure to appear at the final hearing, the appellant has cited numerous instances of counsel's failure to appear at various proceedings in the trial court over a period of several months. In the affidavit filed in support of the motion to vacate, the trial attorney claimed he had no knowledge of the trial date because he had misplaced the file in the case when he moved his office on January 14, 1977. However, the order setting the trial was sent to counsel by the court on November 15, 1976, two months before the change of offices. No explanation is made as to whether counsel received the notice, whether the matter was calendared or as to what happened. The trial court concluded:
Needless to say, the conduct of the attorney is gross and without justification. The clients should not be penalized. The Court recognizes there is also a hardship for the Plaintiff, who claims to have a proper claim against the Defendants. Plaintiff has already testified and another trial would result in additional costs and attorneys' fees.
After due consideration the Court is going to grant the Motion to Vacate. At the same time counsel for the Defendants will be personally responsible for any additional costs incurred as a result of the new trial, including attorneys' fees. This is a condition of the granting of the motion.
It is obvious that the trial court properly found that there was no excuse for counsel's neglect. His reasons for vacating the default were solely out of concern for the attorney's clients. This is not a legally sufficient reason to vacate a judgment. Accordingly, I would reverse.