413 So.2d 802 (1982)
PETERS MACHINERY CORPORATION, Appellant,
v.
BLAIRSVILLE MACHINE PRODUCTS CO., INC., a Pennsylvania Corp., Appellee.
No. 81-820.
District Court of Appeal of Florida, Third District.
April 20, 1982.
Rehearing Denied May 28, 1982.
*803 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Maland & Turetsky and Robert C. Maland, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
Peters Machinery Corporation, defendant below, appeals from a final judgment entered against it and alleges as error the trial court's failure to set aside a default and subsequent final judgment. A second, but collateral issue with regard to attorney's fees awarded by the trial court is also claimed as error.
As to the first issue, the appellant has failed to provide a proper record for our review. Accordingly, we presume the trial court's findings following an evidentiary hearing are correct. Fricke v. Gaines Construction Co., 105 So.2d 374 (Fla. 3rd DCA 1958). Nor did Peters allege a meritorious defense required by Fla.R.Civ.P. 1.540. GACL, Inc. v. Zeger, 276 So.2d 552 (Fla. 3rd DCA 1973). The claim was liquidated and judgment entered on plaintiff's theory of money had and received was proper. Bird v. International Graphics, Inc., 374 So.2d 52 (Fla. 3rd DCA 1979).
The second issue presented, regarding attorney's fees, has merit and we reverse that portion of the judgment. Peters was entitled to notice of the unliquidated claim of attorney's fees and was entitled to contest the propriety and the amount of the fees. Scott v. Johnson, 386 So.2d 67 (Fla. 3rd DCA 1980); Lyle v. Lyle, 167 So.2d 256 (Fla. 2nd DCA 1964).
Affirmed in part, reversed in part and remanded for further proceedings.