584 So.2d 1006 (1990)
MATHEWS CORPORATION, Appellant,
v.
GREEN'S POOL SERVICE, Appellee.
No. 89-2789.
District Court of Appeal of Florida, Third District.
July 10, 1990.
On Rehearing September 24, 1991.
Maxwell G. Battle, Jr. and Michael DeLoach, Dunedin, for appellant.
Timothy H. Kenney, Palm Beach, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the defendant Mathews Corporation from a trial court order denying its motion filed pursuant to Fla. R.Civ.P. 1.540 seeking to set aside an adverse final judgment entered upon a clerk's default. We affirm based on the following briefly stated legal analysis.
First, there is no merit to the defendant's point on appeal that the final judgment must be set aside because the clerk's default was erroneously entered due to an alleged defect in the subject default order. This point was not raised in the defendant's motion to set aside the final judgment and does not rise to the level of a fundamental error. Moreover, we read the clerk's default entered "against the above-named Defendant" to mean the defendant stated in the caption to the motion for default, namely, the defendant Mathews Corporation.
*1007 Second, there is no merit to the defendant's point on appeal that the defendant was otherwise entitled to have the final judgment set aside based on excusable neglect. Although arguably excusable neglect was shown below, the defendant's motion to vacate and affidavits in support thereof contain only conclusory assertions that defendant has a meritorious defense to plaintiff's complaint and no other sworn proofs were submitted establishing, as required, such defense. Moreover, defendant's unsworn proposed answer, affirmative defenses, and counterclaim were largely a general denial without sufficient allegation of supporting ultimate facts and do not, in our view, satisfy the requirement that a meritorious defense must be shown in order to set aside a final judgment under Fla.R.Civ.P. 1.540 based on excusable neglect. See Napco Paints, Inc. v. LaPorte (U.S.), Inc., 490 So.2d 1023 (Fla. 3d DCA 1986); Westinghouse Elevator Co. v. DFS Constr. Co., 438 So.2d 125 (Fla. 2d DCA 1983); Tremblay v. Marck, 378 So.2d 855 (Fla. 4th DCA 1979), cert. denied, 389 So.2d 1116 (Fla. 1980); Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977), cert. dismissed, 364 So.2d 881 (Fla. 1978). But cf. Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984) (meritorious defense shown where motion and affidavits contained ultimate facts supporting proposed affirmative defenses).
Third, the affidavit of John Raines attached to and incorporated by the complaint establishes the monies due and owing in this case, and, upon the defendant's default to the complaint, was sufficient to support the final judgment in the same amount plus interest. The defendant's point on appeal contesting the amount of the final judgment is therefore rejected.
Finally, the last point on appeal has no merit and is unsupported by any authority. The order under review is therefore, in all respects,
Affirmed.

ON REHEARING
PER CURIAM.
Because the claim sued upon below was a liquidated damages claim, it was not necessary, as urged, for the trial court to receive evidence below before entering the final default judgment appealed from. The complaint herein, which incorporated a sworn-to claim of lien, sought to foreclose a mechanic's lien in the amount of $39,526.00; when the defendant failed to respond to this complaint and a clerk's default was entered, the trial court properly entered a final judgment against the defendant in the amount of $39,526.00. We find no merit in the defendant's major point on rehearing that the amount of money damages was not properly proven below; damages need not be proven at all in this case given the aforesaid clerk's default on this liquidated damages claim. Moore v. Boyd, 62 So.2d 427, 429-30 (Fla. 1952); Peters Machinery Corp. v. Blairsville Mach. Prods. Co., 413 So.2d 802, 803 (Fla. 3d DCA 1982); see also Bird v. International Graphics, Inc., 374 So.2d 52 (Fla. 3d DCA 1979); Fla.R.Civ.P. 1.500(e).
We have not overlooked the other points raised on the defendant's motion for rehearing, but find no merit therein. The defendant's motion for rehearing is, therefore, in all respects,
Denied.