883 So.2d 379 (2004)
GIBSON TRUST, INC., Goldstar Financial Systems, Inc., Patrick J. O'Toole, Donna Canty O'Toole and Martha V. Allen, Appellants,
v.
OFFICE OF THE ATTORNEY GENERAL, Department of Legal Affairs State of Florida, Appellee.
No. 4D03-2540.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
*380 Thomas H. Wright, III of Silver, Wright & Siegel, LLP, Boca Raton, for appellants.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Charles M. Fahlbusch, Senior Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
This appeal challenges entry of a default final judgment. We reverse because the defendants met their burden for setting aside the default.
*381 On November 27, 2002, the Florida Attorney General's office sued the defendants in a single-count complaint for permanent injunction, restitution, civil penalties, and other relief, pursuant to the Florida Deceptive and Unfair Trade Practices Act. Essentially, the complaint alleged that the defendants were running a credit repair scam.
Clerk's defaults were entered against each defendant. On March 25, 2003, the defendants moved to vacate the defaults. The motion was supported by the affidavit of Defendant, Patrick O'Toole, who stated that he was served on December 2, 2002, and retained the law firm of Silver, Wright & Siegel, LLP. According to the affidavit, soon after service, O'Toole's attorney spoke with an attorney in the Attorney General's office, who agreed that no answer would be immediately due until the increasing number of claims from alleged victims had leveled off. The motion to vacate also alleged that the defendants had meritorious defenses. On April 7, 2003, the defendants filed their Answer.
The Attorney General moved for default judgment against the defendants. On April 10, 2003, the trial court denied the defendants' motion to vacate the clerk's default and entered final judgment, which included a permanent injunction and $1.34 million civil penalty.
On April 17, 2003, the defendants moved for rehearing, again arguing that the final default judgment should be set aside due to excusable neglect and meritorious defenses. In support of the motion for rehearing, they attached an affidavit of Thomas H. Wright, Esq., a law partner in Silver, Wright & Siegel, LLP. Wright stated that his firm was retained to represent the defendants on December 5, 2002. He further alleged:
4. Immediately thereafter, I contacted Marta Moakley, counsel for the Plaintiff, to advise that I have been retained by the Defendants and to discuss the issues of the case.
5. At that time we discussed the possibility of a large number of potential complaints as a result of the number of former clients of the Defendant corporations.
6. It was further discussed that based upon the growing number of complaints an answer would not be due until incoming complaints leveled off.
7. At the end of the discussions I provided Marta Moakley with all my relevant contact information and was left with the impression that an extension of time had been granted until further notice and that defaults would not be entered against my clients.
8. Between December 2002, and March 13, 2003 I received no further contact from Marta Moakley as to whether the number of complaints had in fact leveled off.
The affidavit further described a letter that Wright sent Moakley on March 13, 2003, wherein he "referenced our agreement to temporarily hold off on filing a responsive pleading," and her response denying that any such agreement existed. That correspondence was attached to the motion for rehearing.
Finally, Wright's affidavit referenced a Proposed Amended Answer. The proposed answer includes sixteen affirmative defenses asserting that the defendants' actions were not deceptive, misleading, unfair or unconscionable, that the public interest was not served by the lawsuit, that the defendants had no intent to defraud, and that they did not know that their representations were false.
In response to the defendants' assertions regarding an agreement to extend the time for filing responsive pleadings, *382 the Office of the Attorney General, through an Assistant Attorney General, filed a Memorandum in Opposition. Though the memorandum denied that any extension agreement had been made, the denial was neither sworn to nor made under oath. The trial court denied the motion for rehearing without a hearing.
An order denying a motion to vacate a default is reviewed under an "abuse of discretion" standard of review. See Lloyd's Underwriter's at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001); George v. Radcliffe, 753 So.2d 573, 575 (Fla. 4th DCA 1999).
Florida courts have a liberal policy of vacating defaults so that cases can be decided on the merits. See N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962); Coquina Beach Club Condo. Ass'n v. Wagner, 813 So.2d 1061, 1063 (Fla. 2d DCA 2002). In the case of an interlocutory order of default, any reasonable doubt should be resolved in favor of vacating it. Id. at 1064. To be relieved of a default, a party must show excusable neglect, a meritorious defense, and due diligence. Id. at 1063.
In Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985), we stated:
[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits. It is a gross abuse of discretion for the trial court to rule otherwise.
Id. at 1106 (emphasis supplied).
In Evans v. Hydeman, 168 So.2d 183, 189-90 (Fla. 2d DCA 1964), the second district held that the plaintiffs were entitled to have the default order and final judgment on the individual defendant's counterclaim set aside because of mistake and misunderstanding between counsel. There, the plaintiffs claimed that, based upon correspondence and telephone conversations between counsel for the parties, they assumed that there was an agreement for an indefinite extension of time for filing responsive pleadings to the counterclaim. In Evans, the sworn motion to vacate was unrefuted, just as the affidavits presented by defendants are unrefuted in this case.
Here, appellants, through defendant O'Toole and attorney Wright, were the only parties to give sworn testimony (by affidavit) concerning the failure to file a responsive pleading and an agreement for an extension. No evidentiary hearing was held subsequent to the motion for rehearing. Because the defendants' affidavits were uncontradicted and established that there was a "misunderstanding" regarding whether an extension had been agreed upon, we conclude that excusable neglect was shown.
The Office of the Attorney General next argues that the answer and proposed amended answer were deficient as they were unsworn and contained only general denials. However, we have held that a meritorious defense may be shown by an unverified pleading or an affidavit. See Gibraltar Serv. Corp. v. Lone & Assocs., Inc., 488 So.2d 582, 584 (Fla. 4th DCA 1986); B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345, 1348 (Fla. 3d DCA 1981); see also Coquina Beach Club Condo., 813 So.2d at 1064.
Where a default judgment has been entered, mere conclusory assertions or general denials are insufficient without sufficient allegations of supporting ultimate fact. See Mathews Corp. v. Green's Pool Serv., 584 So.2d 1006, 1007 (Fla. 3d DCA 1990). However, in Moore v. Powell, 480 So.2d 137, 138 (Fla. 4th DCA 1985), we *383 held that a different rule applies to an interlocutory order of default where no final judgment has been entered. In such a case, a general denial will suffice. See Westinghouse Elevator Co. v. DFS Constr. Co., 438 So.2d 125, 127 (Fla. 2d DCA 1983) (distinguishing Barber, 143 So.2d at 849).
In this case, a general denial was contained in the O'Toole affidavit attached to the original motion to vacate the default, before the final judgment of default was entered. This suffices under the above authorities. In any event, the proposed amended answer attached to the motion for rehearing was more than a general denial, which would also be sufficient to warrant reversal. See City of Hollywood v. Cordasco, 575 So.2d 301, 302 (Fla. 4th DCA 1991) (reversing based on failure to grant motion for rehearing); Arnold v. Massebeau, 493 So.2d 91 (Fla. 5th DCA 1986)(same).
For the reasons stated above, we reverse and remand with directions to vacate the default judgment and allow further proceedings on the merits.
REVERSED and REMANDED.
WARNER, KLEIN and TAYLOR, JJ., concur.