954 So.2d 1250 (2007)
Sally HEPBURN, Appellant,
v.
ALL AMERICAN GENERAL CONSTRUCTION CORP., d/b/a All American General Construction Corporation, Appellee.
No. 4D06-4740.
District Court of Appeal of Florida, Fourth District.
April 25, 2007.
Rehearing Denied May 24, 2007.
*1251 John M. Stewart of Stewart & Evans, P.A., Vero Beach, for appellant.
Lisa D. Harpring, Vero Beach, for appellee.
HAZOURI, J.
Sally Hepburn appeals from a trial court order granting All American General Construction Corporation's motion to vacate a final judgment. We reverse with directions for the trial court to reinstate the judgment.
The following lists the sequence of events which led to the entry of the default final judgment. On October 21, 2005, Hepburn filed a one-count complaint alleging violation of a misleading advertising statute. On December 6, 2005, a motion for default was filed and on December 9, 2005, a clerk's default was entered. On December 19, 2005, Hepburn filed her motion for entry of final judgment after default alleging the damages were liquidated. On December 22, 2005, a final judgment after default was entered by the trial court.
Thereafter, on January 9, 2006, Hepburn filed her motion for issuance of a writ of garnishment. A writ of garnishment was entered on January 10, 2006. On January 23, 2006, All American retained counsel. A paralegal for All American's counsel contacted Hepburn's counsel, inquiring whether Hepburn's counsel would consent to vacating and setting aside the final default judgment. Hepburn's counsel would not agree to set aside the default final judgment. Hepburn's counsel had no authority to agree to vacate and set aside the final default judgment and advised the paralegal that a motion to vacate would have to be filed. On January 28, 2006, attorneys G. Russell Petersen and Barbara L. Sadaka filed their notice of appearance on behalf of All American. No further action was taken by or on behalf of All American until June 9, 2006, when a motion to vacate the default final judgment was filed. In the motion, All American alleged that its registered agent had been served with the complaint, the default, and the final judgment, but that its registered agent never forwarded these documents to the corporation. A hearing on the motion was held on August 24, 2006. Thereafter, the trial court granted the motion to set aside the default final judgment.
For a trial court to grant a motion to set aside a default final judgment, the moving party must show: (1) the failure to *1252 file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default. Cinkat Transp., Inc. v. Maryland Cas. Co., 596 So.2d 746 (Fla. 3d DCA 1992).
Hepburn argues that the four-month delay between the time All American found out about the default judgment and the time All American's counsel actually filed a motion to vacate was not an exercise of due diligence and precludes the granting of the motion to vacate. We agree. In a case strikingly similar to the instant case, the Third District recently held that a six-week delay in filing a motion to vacate a default after receiving notice constitutes a lack of due diligence as a matter of law. See Lazcar Int'l Inc. v. Rene Caraballo, 32 Fla. L. Weekly D769, ___ So.2d ___, 2007 WL 837197 (Fla. 3d DCA Mar.21, 2007). Absent competent substantial evidence of some exceptional circumstances explaining the delay, a six-week delay in filing a motion to vacate a default judgment after receiving a notice constitutes a lack of due diligence as a matter of law. See id. at 5, at ___.
In the instant case, the only explanation given by All American's counsel for the four-month delay in learning about the default final judgment and then filing the motion to vacate the final judgment was contained in a letter dated February 2, 2006, from attorney Sadaka to Hepburn's counsel. The letter stated that attorney Petersen was on vacation until February 6 and that the firm would be moving to vacate the final judgment after default. In the record before us, there is an absence of competent substantial evidence of some exceptional circumstances explaining this four-month delay. We therefore reverse and remand with directions that the trial court reinstate the judgment.
Reversed and Remanded with Directions.
WARNER and POLEN, JJ., concur.