977 So.2d 804 (2008)
BETHESDA MEMORIAL HOSPITAL, INC., Appellant,
v.
Judie LASKA, Appellee.
No. 4D07-2593.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
*805 Steven R. Braten of Shafritz and Braten, P.A., Delray Beach, for appellant.
Mark B. Carroll of Fazio DiSalvo Cannon Abers Podrecca Fazio & Carroll, Fort Lauderdale, for appellee.
FARMER, J.
The circuit court in Palm Beach County has lately vacated a clerk's default upon a finding of excusable neglect. Plaintiff necessarily invokes the standard that the court grossly abused discretion. Being unable to make out so extraordinary an abuse of discretion, we affirm.
Plaintiff sued one of its former patients for unpaid hospital charges. When no answer was filed, it procured a clerk's default. And in due course the trial court entered a final judgment. Five days after entry of judgment, defendant served a motion to vacate the default and consequent judgment, supported by an affidavit from her husband.[1] He explained under oath that he had received the suit papers and promptly "dropped them off at the offices of an attorney who was representing him in an unrelated matter. He failed, however, to follow up that delivery with a phone call to the lawyer, calling his attention to the due date. The matter did not come to the lawyer's attention until it was too late. His neglect in failing to speak to the attorney was deemed excusable by the trial judge.
In North Shore Hospital Inc. v. Barber, 143 So.2d 849 (Fla.1962), the Florida Supreme Court addressed the issue of the appropriate standard for an appellate court to review a decision vacating a default. In that case, the trial court had found excusable neglect and set aside the clerk's default. On appeal, the district court had concluded that mere abuse of discretion was the correct standard of review and reversed the trial court. In discussing the standard of review the Florida Supreme Court said:
"The second point in direct conflict with prior decisions of this court is the holding by the District Court that a mere abuse of the trial judge's discretion is a sufficient basis for reversal of his ruling on the motion to vacate. . . . This court [has] held that a showing of gross *806 abuse of a trial court's discretion is necessary on appeal to justify reversal of the lower court's ruling on a motion to vacate. This is not to say that the District Court's reversal is fatally erroneous merely because they omitted to use the words`gross abuse', but when this omission is considered in light of the opinion as a whole, it becomes apparent that the District Court departed from established law and attributed to our prior decisions erroneous principles of law so as to create a direct conflict."
143 So.2d at 852. [e.s., c.o.] In short, when the trial court has vacated a default upon a finding of excusable neglect, an appellate court would have to discern a gross abuse of discretion to reverse. See also Sterling Drug Inc. v. Wright, 342 So.2d 503 (Fla. 1977) (same).
We agree with the Second District that it is well-nigh impossible to define any meaningful difference between a simple abuse of discretion and one that is gross. See Allstate Floridian Insurance Co. v. Ronco Inventions, 890 So.2d 300, 302 (Fla. 2d DCA 2004) ("we have no definition of what a`gross' abuse of discretion includes or how it differs from an abuse of discretion. We can only assume that it is more egregious than a typical abuse of discretion."). We know from the Florida Supreme Court in Canakaris that a mine-run abuse of discretion is something no reasonable judge would do.[2] Yet in prescribing the standard of gross abuse of discretion, the Florida Supreme Court has not itself sought to define what would make an exercise of discretion more than merely unreasonable  that is to say, what would make it gross.
We suppose that the Florida Supreme Court has prescribed this most forbearing standard of review  an abuse of discretion that is not merely commonplace but partakes of something ineffably greater  because the reasons for relieving a party from a failure to answer a complaint timely are myriad yet singular. Whether to grant relief will be heavily affected by the trial judiciary's perceptions of local court conditions and requirements, as well as the mien of parties and lawyers, which are simply inaccessible to a cloistered appellate judiciary. Thus the Florida Supreme Court's requirement of gross abuse is, we think, its aphoristic direction to appellate judges that they should be as deferential to a trial judge's decision vacating a default as they can possibly be, upsetting it very rarely and only with undeniable provocation.
Plaintiff argues that the husband's conduct in failing to speak to or follow up with the attorney constitutes gross negligence which, if so, would not be excusable. See North Shore Hospital, 143 So.2d at 853 ("If the party be guilty of gross negligence, the default will not be opened."). One problem with that argument is that the trial judge did not think his negligence inexcusable. Which by necessary implication means he did not think it grossly negligent.
Somero v. Hendry, 467 So.2d 1103, (Fla. 4th DCA 1985), makes the point that our cases follow a theme in upholding decisions vacating defaults: "Where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation, the matter should be permitted to be heard on the merits."
In Shurgard Storage Ctrs. v. Parker, 755 So.2d 695, 696 (Fla. 4th DCA 1999), we found administrative mishandling and *807 misrouting of suit papers between offices a "clear case" of excusable neglect. In Al Hendrkkson Toyota Inc. v. Yampolsky, 695 So.2d 948 (Fla. 4th DCA 1997), a "calendaring" error was excusable. In Supro Corp. v. Bridwell, 361 So.2d 734, 735 (Fla. 4th DCA 1978), we found excusable counsel's failure to appear at trial because his file had been misplaced. We summarized these holdings in Jeyanandarajan v. Freedman, 863 So.2d 432, 433-34 (Fla. 4th DCA 2003) thus:
"The pattern which emerges from these and the myriad of cases not cited here is best stated negatively: a default will not be set aside where the defaulted party or his attorney (1) simply forgot or (2) intentionally ignored the necessity to take appropriate action; that is to say, where the conduct could reasonably be characterized as partaking of gross negligence or as constituting a willful and intentional refusal to act."
In finding the husband's neglect excusable in this case the trial judge was soundly planted amidst the common theme of these holdings.
Affirmed.
WARNER and GROSS, JJ., concur.
NOTES
[1] Although defendant failed to tender a formal Answer with the motion papers, the affidavit described meritorious defenses of unreasonable medical charging and asserted the absence of any open account or account stated relationship between the parties. We agree that the motion papers sufficiently asserted the existence of a meritorious defense.
[2] Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) ("discretion is abused only where no reasonable man would take the view adopted by the trial court").