STEVENSON, J.
This appeal challenges the entry of two final default judgments. We reverse because the defendants met their burden for setting aside the defaults.
Daniel Taylor was the director and sole officer of Lula Corporation, a Florida corporation that owned and operated a “Sign-A-Rama” franchise. Lula Corporation contracted with Michael Vitetta to sell the franchise, but on November 2, 2006, Vitet-ta filed a complaint against Lula Corporation, Daniel, and his wife, Donna, for breach of contract, unjust enrichment, and conversion, claiming that Lula defaulted on the sales agreement and failed to return his deposit. Daniel filed his answer and affirmative defenses on December 12, 2006.
On January 23, 2007, Daniel notified Vi-tetta that he had filed a voluntary petition for bankruptcy, which automatically stayed Vitetta’s complaint against him. Nonetheless, on March 19, 2007, Vitetta amended his complaint adding a fourth count for civil theft against all three defendants. In response, on April 10, 2007, Daniel filed a motion to strike the amended complaint due to his pending bankruptcy proceedings. In his motion to strike, Daniel also asserted that Vitetta did not attempt to serve Lula Corporation or Donna until March 19, 2007, more than 120 days after he filed his original complaint. See Fla. R. Civ. P. 1.070(j) (providing that service of the initial process and initial pleading shall be made upon the defendant within 120 days of filing the initial pleading). On April 19, 2007, prior to the trial court ruling on Daniel’s motion to strike, Vitetta moved for and acquired clerk’s defaults against Donna and Lula Corporation for failure to respond to his amended complaint.
On April 30, 2007, following a hearing, the trial court granted Daniel’s motion to strike Vitetta’s amended complaint as to him because of the bankruptcy proceedings. In the same order, the trial court concluded that the issue of whether Donna had been properly served would be considered at a specially-set hearing in the future. Subsequently, Donna and Lula Corporation learned for the first time about the default judgments entered against them and filed a verified motion to vacate. The aforementioned specially-set hearing occurred on October 8, 2007, after which, the trial court denied the motion to vacate and entered final default judgments against Lula and Donna. This appeal followed.
A party seeking relief from a clerk’s default must demonstrate excusable neglect in failing to file a responsive pleading, a meritorious defense, and due diligence. Gibson Trust, Inc. v. Office of the Attorney Gen., 883 So.2d 379, 382 (Fla. 4th DCA 2004). Florida courts have a liberal policy of vacating defaults in order to decide cases on their merits. Id. This court reviews an order denying a motion to vacate pursuant to an abuse of discretion standard. Id.
First, when Vitetta filed his motions for clerk’s defaults against Donna and Lula Corporation, the issue of proper service, as framed in Daniel’s April 10, 2007 motion, had not been resolved, and, according to the trial court’s order, it was to be addressed in a specially-set hearing. Donna and Lula Corporation should not have been required to file answers to Vi-tetta’s complaint until resolution of this issue. See Schneiderman v. Cantor, 546 So.2d 51, 51 (Fla. 4th DCA 1989) (“Defective service suspends personal jurisdic *1218 tion.”). Additionally, the stay imposed by Daniel’s bankruptcy proceeding caused uncertainty as to which parties the instant suit remained active. This court has previously stated that inaction due to reasonable misunderstanding qualifies as excusable neglect. Jeyanandarajan v. Freedman, 868 So.2d 432, 438-34 (Fla. 4th DCA 2003). We find that Donna and Lula Corporation demonstrated excusable neglect.
Second, in their verified motion to vacate the clerk’s defaults, Donna and Lula Corporation asserted that Vitetta, not the defendants, violated the parties’ sales contract by refusing to close on the transaction and thereby forfeited his deposit. See Bethesda Mem’l Hosp., Inc. v. Laska, 977 So.2d 804, 805 n. 1 (Fla. 4th DCA 2008) (finding that a motion to vacate a default accompanied by an affidavit sufficiently established the existence of a meritorious defense). We find that Donna and Lula Corporation asserted a meritorious defense.
Last, although Donna and Lula Corporation did not file their motion to vacate until seven weeks after entry of the April 20, 2007 default judgments, the relevant time period for due diligence purposes began when Donna and Lula Corporation learned about the default judgments. See Hepburn v. All Am. Gen. Constr. Corp., 954 So.2d 1250, 1252 (Fla. 4th DCA 2007). Vitetta did not include any of the defendants in the certificates of service for the clerk’s defaults, which supports the contention that Donna and Lula Corporation did not learn about entry of the clerk’s defaults immediately. We find that Donna and Lula Corporation acted with due diligence in filing their verified motion to vacate on June 11, 2007.
Because we find that Donna and Lula Corporation satisfied the three requirements necessary to vacate the clerk’s defaults entered against them, see Gibson Trust, Inc., 883 So.2d at 382, we reverse the final default judgments and remand for further proceedings.

Reversed and remanded.

WARNER and DAMOORGIAN, JJ., concur.