PER CURIAM.
 

 NIVCAB, Inc. appeals a circuit court order vacating an entry of default judgment against Thomas Kane. We affirm.
 

 In
 
 North Shore Hospital, Inc. v. Barber,
 
 143 So.2d 849, 852 (Fla.1962), the Florida Supreme Court explained that a “showing of
 
 gross
 
 abuse of a trial court’s discretion is necessary on appeal to justify reversal of the lower court’s ruling on a motion to vacate.” In attempting to define the heightened requirement of “gross abuse,” we have determined that appellate judges “should be as deferential to a trial judge’s decision vacating a default as [we] can possibly be, upsetting it very rarely and
 
 *1205
 
 only with undeniable provocation.”
 
 Bethesda Mem’l Hosp., Inc. v. Laska,
 
 977 So.2d 804, 806 (Fla. 4th DCA 2008).
 

 We do not find the trial court’s decision in this case so contrary to reason that we are “undeniably provoked” to act. We affirm and find the trial court’s order to set aside the default judgment was a sound exercise of its discretion consistent with
 
 North Shore Hospital
 
 and
 
 Laska.
 

 Affirmed.
 

 WARNER, FARMER and LEVINE, JJ., concur.