# Third District Court of Appeal
## State of Florida

Opinion filed December 2, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-845
Lower Tribunal No. 20-2111
_____

**Janiel Rodriguez,**
Appellant,

vs.

**Johnny Falcones,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Law Office of Alan I. Karten, PLLC and Alan I. Karten (Boynton Beach), for appellant.

No appearance, for appellee.

Before EMAS, C.J., and FERNANDEZ and HENDON, JJ.

HENDON, J.

Janiel Rodriguez ("Rodriguez") appeals from an order granting Johnny Falcones's ("Falcones") motion to vacate a default final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). We reverse.

*Facts*

Falcones was served with the complaint and request for production at his Florida residence on February 4, 2020. His response was due on February 24, 2020. On February 5, 2020, he emailed Rodriguez's attorney acknowledging service and threatening to sue if he was not removed from the lawsuit. Two days later, Falcones emailed Rodriguez directly, claiming non-involvement in the lawsuit, and affirmatively stating that his lawyers will take care of it. Falcones did not answer the complaint and a clerk's default was entered against him on March 2, 2020. Despite having notice of the clerk's default, Falcones failed to respond and a default final judgment was entered against him on March 15, 2020.\

On March 23, 2020, twenty-one days after the initial clerk's default was entered, Falcones's attorney, Mr. Morales, entered an appearance and moved to vacate the default final judgment by arguing the court's alleged lack of subject matter jurisdiction.[1] Falcones did not argue excusable neglect at that time. On May 7, 2020, the trial court denied Falcones's motion to vacate for lack of subject matter

---

[1] The record indicates that Mr. Morales was also representing Falcones in New York litigation during this same period.

2

jurisdiction. On May 25, 2020, ten weeks after the default final judgment was entered, Falcones filed his second motion to vacate the default final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), together with his answer to the complaint.

The trial court held a non-evidentiary hearing after which it issued the June 4, 2020 order vacating the default final judgment. At the hearing, Falcones's counsel, Mr. Morales, asserted that Falcones's failure to respond to the complaint and delay in seeking relief from the final judgment was entirely a result of Falcones's business and family complications engendered by the pandemic. Mr. Morales argued that this was a sufficient showing to vacate the default final judgment. Rodriguez's counsel, Mr. Karten, explained that the setting aside of a default and a default final judgment are two different procedures, and that Falcones's motion to vacate the default final judgment was deficient. Mr. Karten pointed out that the motion made only general allegations and failed to provide any factual or legal basis for vacating the final judgment. The trial court did not take any further argument or testimony. Although the trial court recited in its order that it found due diligence, excusable neglect, and meritorious defense, the trial court did not make these findings during the hearing, ruled to accept Falcones's late-filed answer and granted the motion to set aside the default final judgment as a matter of law based on excusable neglect, due diligence, and meritorious defense. Rodriguez appeals.

3

*Standard of Review*

An order granting a motion to vacate a default final judgment is reviewed for a gross abuse of discretion. Chetu, Inc. v. Franklin First Fin., Ltd., 276 So. 3d 39, 41 (Fla. 4th DCA 2019); Bequer v. Nat'l City Bank, 46 So. 3d 1199, 1201 (Fla. 4th DCA 2010); LPP Mortg. Ltd. v. Bank of Am., N.A., 826 So. 2d 462, 463–64 (Fla. 3d DCA 2002) (applying gross abuse of discretion standard in reviewing trial court's ruling on a motion for relief from judgment under rule 1.540 and quoting the following statement from Schwab & Co. v. Breezy Bay, Inc., 360 So. 2d 117, 118 (Fla. 3d DCA 1978): "The discretion reposed in the trial judge by Fla. R. Civ. P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion."). [2]

*Discussion*

The party moving to vacate a default final judgment pursuant to rule 1.540(b) must show three things: (1) the failure to file a responsive pleading was the result of

---

[2] Note that a different rule applies to an interlocutory order of default where no final judgment has been entered. In such a case, a general denial will suffice, and the standard of review is abuse of discretion. See 205 Jacksonville, LLC v. A-Affordable Air, LLC, 16 So. 3d 974, 976 (Fla. 3d DCA 2009); Gibson Tr., Inc. v. Office of the Attorney Gen., 883 So. 2d 379, 382 (Fla. 4th DCA 2004); Lloyd's Underwriter's at London v. Ruby, Inc., 801 So. 2d 138, 139 (Fla. 4th DCA 2001); Westinghouse Elevator Co. v. DFS Constr. Co., 438 So. 2d 125, 127 (Fla. 2d DCA 1983).

4

excusable neglect; and (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default. See Lazcar Int'l, Inc. v. Caraballo, 957 So. 2d 1191, 1192 (Fla. 3d DCA 2007); see Gibson Tr., 883 So. 2d at 382; Coquina Beach Club Condo. Ass'n v. Wagner, 813 So.2d 1061, 1063 (Fla. 2d DCA 2002).

1) Excusable neglect

In order to show excusable neglect, the moving party "must produce sufficient evidence of mistake, accident, excusable neglect or surprise as contemplated by rule 1.540(b) before the court's equity jurisdiction may be invoked." Bank of New York Mellon v. Peterson, 208 So. 3d 1218, 1222 (Fla. 2d DCA 2017) (quoting Rude v. Golden Crown Land Dev. Corp., 521 So. 2d 351, 353 (Fla. 2d DCA 1988)) (emphasis added). If the movant fails to present evidence supporting a legal ground for relief from the judgment, it is an abuse of the trial court's discretion to vacate that judgment. Id.; see also Westinghouse Elevator, 438 So. 2d at 126 (holding that "when a movant relies upon a factual defense, he must properly set forth the facts relied upon to establish such a defense and a general denial is not sufficient. It is not permissible to allege that a defaulting party's negligence is excusable without setting forth the facts to support such a conclusion. Likewise, it is impermissible to allege that a meritorious defense exists without presenting ultimate facts to support that conclusion").

5

In his motion to vacate the final judgment, Falcones offered as "excusable neglect" his general inability to respond to the complaint as a result of the onset of the Covid pandemic and "efforts made toward his business and for the safety of his family," and "he was not able to attend to the matter at hand without taking time away from essential and potential life saving measures." These general assertions may have been sufficient to vacate an interlocutory clerk's default, but more is required when seeking to vacate a default final judgment. See Gibson Trust, 883 So. 2d at 382 ("Where a default judgment has been entered, mere conclusory assertions or general denials are insufficient without sufficient allegations of supporting ultimate fact); Mathews Corp. v. Green's Pool Serv., 584 So. 2d 1006, 1007 (Fla. 3d DCA 1990). Falcones's pleadings do not provide any specific facts supporting a finding of excusable neglect for his failure to file a responsive pleading.

2) Due diligence

Falcones asserts that his failure to respond to the complaint, or to timely respond to the default final judgment, was due to his inability to contact his attorney and because of business complications generated by the pandemic. The record shows that the New York and Florida courts were still open at the time Falcones's answer was due, on February 24, 2020 (pre-quarantine). Also, Falcones was represented by Mr. Morales in other litigation at the time the complaint was filed. Falcones's claim is further belied by the emails he sent to Rodriguez's counsel and

6

to Rodriguez acknowledging the complaint, threatening to sue, and assuring Rodriguez that his attorneys would respond accordingly. Absent sufficient allegations of some exceptional circumstance explaining the delay, Falcones's ten-week delay in filing a motion to vacate a default final judgment after receiving notice constitutes a lack of due diligence as a matter of law. See Hepburn v. All Am. Gen. Const. Corp., 954 So. 2d 1250, 1252 (Fla. 4th DCA 2007) (reversing and remanding to reinstate the default final judgment, finding no competent substantial evidence in the record of some exceptional circumstances explaining the delay); Lazcar Int'l, 957 So. 2d at 1193 (finding no competent evidence of any circumstance, exceptional or not, explaining the delay); Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So. 2d 1329, 1330 (Fla. 4th DCA 1978) (explaining "swift action must be taken upon first receiving knowledge of any default").

3) Meritorious defense

A meritorious defense must be asserted either by a pleading or in an affidavit, and a general denial is insufficient to demonstrate the existence of a meritorious defense. Schauer v. Coleman, 639 So. 2d 637, 639 (Fla. 2d DCA 1994); Hill v. Murphy, 872 So. 2d 919, 921 (Fla. 2d DCA 2003) (holding a conclusory assertion that a meritorious defense exists is insufficient). If a defendant is relying on a factual defense to obtain relief from a default judgment, the ultimate facts establishing the defense must be set forth in a verified answer, sworn motion, or affidavit, or by other

7

competent evidence. <u>Westinghouse Elevator</u>, 438 So. 2d at 126–27; <u>Geer v. Jacobsen</u>, 880 So. 2d 717, 721 (Fla. 2d DCA 2004). Here, Falcones's pleadings make only general assertions unsupported by facts or law. Further, the trial court did not entertain any argument on the matter and made no findings that Falcones sufficiently demonstrated the existence of a legal defense.

*Conclusion*

The trial court made no oral findings during the hearing, or any written findings in its order, to support its legal conclusions that Falcones proved excusable neglect, due diligence, and meritorious defense. The record shows that the trial court did not entertain any argument at all from the parties regarding the required meritorious defense element of rule 1.540(b). Its resulting order cursorily recited rule 1.540(b)'s elements as its "findings." <u>See</u> <u>Rivera v. Dep't of Revenue ex rel. Rivera</u>, 899 So. 2d 1265, 1267 (Fla. 2d DCA 2005) ("We are not unmindful of the strong policy of liberality in vacating defaults. Nevertheless, . . . we hold that the court committed a gross abuse of discretion when it entered an order <u>without any facts to support its decision</u>.") (emphasis added). As there are no facts in this record to support the trial court's legal conclusions that Falcones demonstrated excusable neglect, due diligence, and the existence of a meritorious defense, we reverse and remand for the trial court to reinstate the default final judgment.

Reversed and remanded.