# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ALBA C. ARRIECHI, RICARDO J. BLANCO,** and
**LITTLE WONDERS PRESCHOOL, LLC,**
Appellants,

v.

**JOSE BIANCHI,**
Appellee.

No. 4D20-1910

[April 21, 2021]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE18-026477 (02).

Justin C. Carlin of The Carlin Law Firm, PLLC, Fort Lauderdale, for appellants.

Alexander Karantzalis of The Law Offices of A.K. Esquire, PLLC, Fort Lauderdale, for appellee.

PER CURIAM.

Appellants Alba Arriechi, Ricardo Blanco, and Little Wonders Preschool ("the defendants") appeal a non-final order granting appellee Jose Bianchi's ("the plaintiff") motion to set aside judgment and vacate a prior order of dismissal. We treat this case as an appeal from an order granting a motion seeking relief from judgment under Florida Rule of Civil Procedure 1.540(b). *See* Fla. R. App. P. 9.130(a)(5). We reverse and remand for the trial court to reinstate the order dismissing the case.

The plaintiff sued the defendants regarding the alleged failed operation of a preschool. The trial court entered an order setting a case management conference which warned the parties that failure to appear may result "in the dismissal of the action or other sanctions."

The plaintiff's counsel failed to appear for the case management conference. In January 2020, the trial court entered an order dismissing

the case but did not specify whether the dismissal was with or without prejudice.

Four months later, in May, the plaintiff filed a motion to set aside judgment. The motion did not invoke rule 1.540(b) but instead sought reconsideration of the order of dismissal. The plaintiff argued that the non-specific dismissal was without prejudice so the trial court could reconsider the non-final order at any time. The plaintiff also argued that the dismissal order should be vacated because the trial court failed to consider the factors set forth in *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1994) (providing factors to "assist the trial court in determining whether dismissal with prejudice is warranted").

At the hearing on the motion, the plaintiff's counsel explained his non-appearance at the case management conference. He stated that he became unexpectedly ill and hired coverage counsel to attend, but coverage counsel was late and unable to notify the court.

The trial court entered an order granting the plaintiff's motion and vacated the order of dismissal. The defendants timely appealed.

Florida Rule of Civil Procedure 1.420(b) provides that an unspecified, involuntary dismissal "operates as an adjudication on the merits." This means that the trial court's order dismissing the case was final, and as a result, the trial court should have treated the plaintiff's motion as a motion for relief from judgment pursuant to rule 1.540(b).

To set aside the judgment the plaintiff was required to show: "(1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default." *Hepburn v. All Am. Gen. Const. Corp.*, 954 So. 2d 1250, 1251–52 (Fla. 4th DCA 2007). "Excusable neglect must be proven by sworn statements or affidavits. Unsworn assertions of excusable neglect are insufficient." *Halpern v. Houser*, 949 So. 2d 1155, 1157 (Fla. 4th DCA 2007) (quoting *Geer v. Jacobsen*, 880 So. 2d 717, 720 (Fla. 2d DCA 2004)).

In this case, the plaintiff's motion to set aside judgment was unsworn and unsupported by evidence. Although the plaintiff's counsel provided an explanation at the hearing for his failure to appear, an "attorney's unsworn, unverified statements do not establish competent evidence" to set aside a judgment. *Wright v. Emory*, 41 So. 3d 290, 292 (Fla. 4th DCA 2010).

The plaintiff's argument that the trial court failed to consider the *Kozel* factors is without merit because judicial errors are not correctable via rule 1.540(b).  *See Paladin Props. v. Family Inv. Enters.*, 952 So. 2d 560, 563 (Fla. 2d DCA 2007) (stating that judicial errors "must be corrected by way of appeal rather than through a motion pursuant to rule 1.540(b)").

Even if the plaintiff's motion had been supported by evidence, the trial court should have denied it as a matter of law.  In *Hepburn*, this court stated that "[a]bsent competent substantial evidence of some exceptional circumstances explaining the delay, a six-week delay in filing a motion to vacate a default judgment after receiving a notice constitutes a lack of due diligence as a matter of law."  *See Hepburn*, 954 So. 2d at 1252 (citing *Lazcar Intern., Inc. v. Caraballo*, 957 So. 2d 1191 (Fla. 3d DCA 2007)). Accordingly, this court in *Hepburn* held that the appellant's four-month delay in seeking relief from judgment precluded the granting of the motion to vacate.  *See id.*  Here, the plaintiff also waited four months before seeking relief from the order of dismissal.

For the foregoing reasons, we reverse the trial court's order granting the plaintiff's motion to set aside judgment and remand the case for the trial court to reinstate the order of dismissal.

*Reversed and remanded.*

CIKLIN, KLINGENSMITH, and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***