DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JD RESTORATION, INC.** a/a/o **ERICK DENIVAL,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

Nos. 4D22-140 and 4D22-1033

[March 29, 2023]

Consolidated appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502021SC018676XXXMB.

Carlos D. Cabrera of Florida Advocates, Dania Beach, for appellant.

Maureen G. Pearcy of Paul R. Pearcy, P.A., Miami, for appellee.

LEVINE, J.

JD Restoration, Inc., the assignee, appeals a final summary disposition granted in favor of Citizens Property Insurance Corporation on the assignee's claim for breach of insurance contract and the subsequent denial of the assignee's motion to vacate the summary disposition order. We agree with the assignee that it was not required to prove a meritorious defense for the trial court to vacate the final disposition order. Thus, we reverse and remand this case for further proceedings. On the remaining issue, we affirm without further comment.

Following a pretrial conference on the assignee's claim for breach of insurance contract, the trial court issued an order scheduling a summary disposition hearing and instructing the parties that they "may file affidavits prior to the Summary Disposition hearing . . . ." The assignee did not appear at the summary disposition hearing, and the trial court granted summary disposition in favor of Citizens, finding that "[b]ased upon the evidence before the Court, there is no triable issue in this cause."

The assignee moved to vacate the final disposition order, alleging that its firm's paralegal failed to calendar the summary disposition hearing,

which constituted excusable neglect under Florida Rule of Civil Procedure 1.540. At the hearing on the assignee's motion to vacate, Citizens conceded that the paralegal's failure to calendar the summary disposition hearing was "probably excusable neglect," but argued that the assignee's motion to vacate failed because the assignee did not address why it did not file any evidence in opposition to summary disposition. The trial judge denied the assignee's motion to vacate the final disposition order "for the reasons stated on the record." This appeal follows.

"The standard of review of an order denying a motion for relief from judgment is an abuse of discretion." *Larkin v. Grutman*, 312 So. 3d 494, 496 (Fla. 4th DCA 2021).

Florida Small Claims Rule 7.190, "Relief from Judgment or Order; Clerical Mistakes," states:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect . . . .[1]

At the hearing on the motion to vacate, Citizens argued that the trial court should deny the motion because the assignee did not address why it did not file any evidence in opposition. On appeal, Citizens argues that the trial court did not abuse its discretion in denying the assignee's motion to vacate because the assignee did not present a meritorious defense. This argument is incorrect.

This court's en banc decision in *Pierre v. American Security Insurance Co.*, 346 So. 3d 62, 64 (Fla. 4th DCA 2022), concluded that the

---

[1] Florida Small Claims Rule 7.190 is nearly identical to Florida Rule of Civil Procedure 1.540. *See L.W.T., Inc. v. Schmidt*, 323 So. 3d 344, 347 n.4 (Fla. 5th DCA 2021) (Lambert, J., concurring) ("Although Florida Rule of Civil Procedure 1.540(b) is not directly applicable to small claims cases, *see* Fla. Sm. Cl. R. 7.020(a), the text of rule 1.540(b) reads identically to that of Florida Small Claims Rule 7.190(b), which provides the circumstances under which a party may seek relief from judgments or orders entered in small claims proceedings."). Thus, caselaw utilizing Florida Rule of Civil Procedure 1.540 is instructive.

requirement of a meritorious defense applies only to defendants seeking to vacate a default judgment:

> *Arriechi* [*v. Bianchi*, 318 So. 3d 4 (Fla. 4th DCA 2021),] set forth this standard for the plaintiff's attempt to set aside the final judgment of dismissal:
>
> > To set aside the judgment the plaintiff was required to show: "(1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default."
>
> *Id.* at 5 (quoting *Hepburn v. All Am. Gen. Constr. Corp.*, 954 So. 2d 1250, 1251-52 (Fla. 4th DCA 2007)).  Obviously, this statement of law cannot apply to a plaintiff seeking to avoid the dismissal of a case he filed; why would the plaintiff have to show that there is a meritorious defense to his own case? Although the case involved a dismissal arising from the failure of the *plaintiff*'s attorney to attend a case management conference, *Arriechi*'s quoted language was only applicable to a defendant's attempt to set aside a default final judgment.
>
> We recede from the language in *Arriechi* in the block quote above that purports to set forth the standard to be applied when a plaintiff seeks to set aside a dismissal of a case.

(footnote omitted).

Thus, because Citizens concedes that the assignee showed both excusable neglect and due diligence, and the assignee need not prove a meritorious defense, the trial court abused its discretion in denying the assignee's motion to vacate.  Further, it would be unreasonable to excuse the failure to calendar the hearing, but not allow the assignee the opportunity to submit affidavits in opposition of summary disposition.  The order setting the summary disposition hearing was the same order directing the parties to submit affidavits.  Logically, we can assume the reason why the assignee did not submit evidence in opposition of summary disposition was because the directive to do so was in the same order that the paralegal failed to calendar.  Thus, if the assignee excusably missed the summary disposition hearing, its failure to submit affidavits was also excusable.

Accordingly, we reverse the order granting summary disposition and the order denying the assignee's motion to vacate, and remand with instructions to conduct another summary disposition hearing, giving the assignee the opportunity to submit affidavits in opposition of summary disposition.

*Reversed and remanded with instructions.*

WARNER and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***