DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIMBERLY DONALDSON,**
Appellant,

v.

**THOMAS HAHN,**
Appellee.

No. 4D2024-1461

[January 8, 2025]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 50-2023-CA-001716-XXXX-MB.

Robert C. Johnson and Stuart Hartstone of Pike & Lustig, LLP, West Palm Beach, for appellant.

Natasha Shaikh of Cozen O'Connor, Boca Raton, for appellee.

PER CURIAM.

Appellant Kimberly Donaldson appeals a nonfinal order, entered following an evidentiary hearing, granting Appellee Thomas Hahn's motion to vacate a default, default judgment, and an arbitration award, and denying Appellant's motion for final judgment. As set forth below, we affirm.

"For a trial court to grant a motion to set aside a default final judgment, the moving party must show: (1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default." *Hepburn v. All Am. Gen. Constr. Corp.*, 954 So. 2d 1250, 1251–52 (Fla. 4th DCA 2007).

> "Florida courts have a liberal policy of vacating defaults so that cases can be decided on the merits." *Gibson Tr., Inc. v. Off. of the Att'y Gen.*, 883 So. 2d 379, 382 (Fla. 4th DCA 2004). Thus, a trial court's order granting a motion to vacate is reviewed for a *gross* abuse of discretion. *Lloyd's Underwriter's*

*at London v. Ruby, Inc.*, 801 So. 2d 138, 139 (Fla. 4th DCA 2001).

*Locke v. Whitehead*, 321 So. 3d 278, 280 (Fla. 4th DCA 2021).

"Gross abuse of discretion" is, obviously, a more deferential standard of review than "abuse of discretion." *See Allstate Floridian Ins. Co. v. Ronco Inventions, LLC*, 890 So. 2d 300, 302 (Fla. 2d DCA 2004) ("[W]e have no definition of what a 'gross' abuse of discretion includes or how it differs from an abuse of discretion. We can only assume that it is more egregious than a typical abuse of discretion." (footnote omitted)); *Bethesda Mem'l Hosp., Inc. v. Laska*, 977 So. 2d 804, 806 (Fla. 4th DCA 2008) ("[T]he Florida Supreme Court's requirement of gross abuse is, we think, its aphoristic direction to appellate judges that they should be as deferential to a trial judge's decision vacating a default as they can possibly be, upsetting it very rarely and only with undeniable provocation."). Our supreme court explained "abuse of discretion" review in *Canakaris v. Canakaris*, 382 So. 2d 1197 (Fla. 1980):

> In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.

*Id.* at 1203.

Here, the trial court held an evidentiary hearing, and evidence was presented that supports the trial court's findings of excusable neglect and due diligence. The trial court heard testimony that Appellee suffered from diminished mental capacity which impaired his ability to respond to the complaint and caused difficulty in communicating with counsel after the default judgment was entered. As to the arbitration award, the record supports the trial court's finding that Appellee did not receive proper notice of the arbitration conference. Accordingly, we cannot conclude that the trial court grossly abused its discretion in granting Appellee's motion to vacate the default, default judgment, and arbitration award, and denying Appellant's motion for final judgment.

*Affirmed.*

LEVINE and FORST, JJ., concur.
WARNER, J., concurs in part and dissents in part with opinion.

WARNER, J., concurring in part and dissenting in part.

I dissent as to the vacation of the default and judgment of causation. However, I would affirm as to the vacation of the arbitration award.

As the majority notes, to set aside a default judgment, a party must show: (1) excusable neglect in failing to file any pleading; (2) a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default." *Hepburn v. All Am. Gen. Constr. Corp.*, 954 So. 2d 1250, 1251–52 (Fla. 4th DCA 2007). Although appellee had a brain injury which sometimes led to his confusion, his objective text messages with appellant show his awareness that the lawsuit had been filed and the need to respond, which he did not do. The trial court excused appellee's inaction as resulting from appellant's influence over appellee, as they had been in an on and off relationship. My reading of the evidence does not show that any influence which appellant had over appellee dissuaded him from filing a response.

But even if appellee had shown excusable neglect in failing to file a pleading resulting in the default, he failed to demonstrate due diligence in seeking the vacation of the default and final judgment. Here is the timeline:

> 2/24/23 – Complaint filed.
>
> 3/2/23 – Appellee served.
>
> 3/29/23– Clerk's default entered and Final Judgment on liability and causation entered and served on appellee.
>
> 4/12/23 – Motion to refer case to non-binding arbitration filed.
>
> 5/3/23 – Order granting referral to arbitration filed and served on appellee.
>
> 5/3/23 – Notice of arbitration set for June 19, 2023 filed by plaintiff's attorney – certificate of service states it was served on all counsel of record through the E-portal.
>
> 5/10/23 – Appellee formally retains counsel, and the retainer letter specifies that counsel is being retained to "attempt to set aside the default judgment against[Appellee]." No notice of appearance is filed, nor is a motion to vacate the default.

6/17/23 – Appellee receives overnight FedEx with notice of hearing for arbitration hearing, which is passed on to his attorneys by the next evening, the day prior to the hearing.

6/19/23 – Appellee's attorneys email arbitrator requesting a continuance, receive no response, and do not appear at zoom conference.

6/19/23 – Arbitrator issues arbitration award which is FedExed to appellee.

6/22/23 – Appellee receives arbitration award.

7/5/23 – Appellee's counsel files a notice of appearance and motion to vacate clerk's default and default judgment.

7/17/23 – Appellee's counsel files a motion to vacate arbitration award.

As the timeline shows, the notice of appearance and motion to vacate were not filed for nearly two months after appellee retained counsel and about four months after the default and final judgment. After the arbitration award was received, appellee's counsel still waited over two weeks to enter a notice of appearance. Even if appellee's delay in securing counsel can be excused, his counsel's delay by filing nothing for two months cannot. At the hearing on the motion to vacate, counsel said it took her some time to get in contact with appellee, but after that she did not complain about communication with appellee. She explained that she had been investigating the case. The trial court even asked counsel at the hearing, "if you knew about the case on the 10th, you knew about the case, you knew there was a default. People can put together a motion to vacate a default in a matter of days and then you can always elaborate it or flush it out. It was eight weeks, was it, 'til . . . [appellee's counsel] even appeared?"

Our case law holds that this delay prevents a finding of due diligence. *See Hepburn*, 954 So. 2d at 1252 ("Absent competent substantial evidence of some exceptional circumstances explaining the delay, a six-week delay in filing a motion to vacate a default judgment after receiving a notice constitutes a lack of due diligence as a matter of law."); *see also Chetu, Inc. v. Franklin First Fin., Ltd.*, 276 So. 3d 39 (Fla. 4th DCA 2019). Counsel's excuse that it took time to investigate the case cannot amount to due diligence, or every party seeking to vacate a default would make that allegation. The trial court did not address counsel's lack of due diligence, probably because nothing in the record could support a finding of due

4

diligence under these facts.  I would reverse the order granting the motion to vacate the default and the default final judgment.

I would affirm the order with respect to the arbitration award, because the record supports appellee's claim that he was not notified of the hearing in a timely manner.  The original notice of hearing was never sent to him, according to the certificate of service.  He only received the notice during the weekend before the Monday hearing.  Holding the arbitration hearing on only two days' notice to appellant violates due process.  And while counsel should have objected sooner, the result would be the same in that the arbitration award must be vacated on due process grounds.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***